### STATE OF IOWA v. FRANK WHITE, Appellant.

**Breaking and Entering:** CONVICTION SUSTAINED. Such a conviction is sustained by evidence that defendant was found in the building at the time the crime was committed, though the witnesses fix that time at about the middle of July, without pretending to fix the exact date; unimpeached witnesses testify that accused was in another place when said crime was committed, and though the evidence tends to show that he left the town where the crime occurred, before July 11.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

### SATURDAY, OCTOBER 10, 1896.

DEFENDANT was jointly indicted with one, J. E. Smith, for the crime of breaking and entering a building. He was tried and convicted, and, from the sentence imposed, appeals.—*Affirmed.*

*T. D. Hastie* for appellant.

*Milton Remley,* attorney general, and *Jesse A. Miller* for the state.

DEEMER, J.—The only point relied upon by defendant, is that there is not sufficient evidence to justify the verdict, for he contends that the evidence establishes an *alibi* beyond all doubt. There can be no question but that the evidence on the part of the state is sufficient to establish the commission of the offense; and the only remaining inquiry is, does the evidence affirmatively show an *alibi?* The crime was committed in the summer of 1895, and the trial was had in January, 1896. Defendant's contention is that he left Des Moines on the night of July 11, 1895, for Iowa City, and that he remained at this latter

place until some time in the month of August in the same year. The witnesses for the state fixed the date of the commission of the crime at, some of them said "about the 15th of July," or, as some others said, "about the middle of July." They also testified to having seen the defendant in Des Moines about the middle of the month of July. McCurwin, the prosecuting witness, positively identified the defendant as being one of the men whom he found in his store at the time of the breaking. Other witnesses also testified that they saw the defendant at the time the crime was committed at the rear of McCurwin's store. McCurwin also testified that it might have been a week before the fifteenth of July, that he found the defendant in his store. None of the witnesses for the state pretended to fix the exact date, and it is quite certain that defendant was in Des Moines prior to July 12. The jury, from the evidence adduced, may very well have found that the crime was committed prior to the twelfth of July; and, if they did so find, there was no *alibi* established. But, if the jury did not decide the case upon this theory, we would not feel justified in interfering with the verdict. The witnesses for the state positively identified the defendant as one of the persons who committed the crime. He was found in the building broken and entered, by the proprietor, in the very act of committing the offense, and was seen by others near the building at or about the time the building was broken into. Defendant was impeached by evidence of his bad moral character. True, his other witnesses seem to be reputable men, but they may have been mistaken. In short, the verdict is not so clearly against the weight of the evidence as to justify us in interfering.—AFFIRMED.